# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOHN RAMOS,

     Plaintiff,

v.                                   Case No. 21-cv-0754 MV-LF

NEW MEXICO PAROLE AND PROBATION,

     Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff John Ramos' Amended Civil Rights Complaint (Doc. 3) (Complaint). Also before the Court is his Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 5) (Petition). Plaintiff is incarcerated, *pro se*, and proceeding *in forma pauperis*. He seeks money damages and a release from prison on the ground that the New Mexico Probation and Parole Department (the Probation/Parole Department) did not have the power to effectuate his arrest. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court concludes that Plaintiff has not stated a claim under 42 U.S.C. § 1983 and that any habeas claims are unexhausted. The Court will dismiss the Complaint, with leave to amend, and allow Plaintiff to show cause why the Petition should not be dismissed for failure to exhaust state remedies.

## BACKGROUND[1]

Plaintiff is incarcerated at the Otero County Prison Facility ("Otero Prison"). He pled no contest in 2015 to two counts of criminal sexual penetration of a child. *See* Plea and Disposition

---

[1] The background facts are taken from the Complaint, the Petition, and Plaintiff's state court criminal docket, Case No. D-1314-CR-2009-230. The state docket is subject to judicial notice. *See United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (recognizing that a court may take judicial notice of docket information from another court).

Agreement in D-1314-CR-2009-230.  The state court sentenced him to 15 years imprisonment, eight of which were suspended, followed by a term of parole for a minimum of five years.  *See* Amended Judgment in D-1314-CR-2009-230.  In October of 2019, the state filed a motion to revoke Plaintiff's probation.  *See* Motion on Probation Violation in D-1314-CR-2009-230.  The motion alleges that Plaintiff had a second smartphone, in violation of the terms of his probation/parole.  *Id.*  At the probation violation arraignment on October 29, 2019, the state court released Plaintiff on his own recognizance but directed him to immediately report to the Probation/Parole Department.  *See* Minutes, Order of Release in D-1314-CR-2009-230.

Plaintiff alleges that when he arrived at the Probation/Parole Department, there were no probation officers in the building.  *See* Doc. 5 at 6.  Security Officer Francisco allegedly handcuffed Plaintiff and placed him under arrest pursuant to a directive by Probation Officer Manny Vazquez.  *Id.*  Francisco transported Plaintiff to the Metropolitan Detention Center in Albuquerque, New Mexico.  Construed liberally, the Complaint alleges that the Probation/Parole Department, Francisco and/or Vazquez did not have the authority to arrest him, in light of the state court release.  *Id.*  Plaintiff also notes that he was never charged with a second offense or served with additional paperwork indicating that he committed a second offense.  *Id.*  On December 9, 2019, the State dismissed its pending motion to revoke probation, noting that Plaintiff's "violation is being pursued by the parole board and there is no need to also pursue the matter in his probation case."  *See* State's Dismissal of Motion to Revoke in D-1314-CR-2009-230.  Plaintiff has been incarcerated at Otero Prison since February of 2020.  *See* Doc. 3 at 4.  Plaintiff is eligible for a probation/parole review on September 27, 2023.  *See* Order on Habeas Motion, filed October 26, 2022, in D-1314-CR-2009-230.

Based on these facts, Plaintiff raises claims for false arrest and false imprisonment under the Fourth Amendment, the Fourteenth Amendment, 42 U.S.C. § 1983, and 28 U.S.C. § 2241. *See* Doc. 3, 5.  He seeks damages from the Probation Department based on his ongoing incarceration and an immediate release from custody.  The Court ordinarily does not consider § 1983 claims alongside § 2241 habeas claims in a single proceeding.  *See, e.g., Fuller v. Kansas,* 324 F. App'x 713, 716 (10th Cir. 2009) (affirming district court's determination that allegations in a § 2241 petition should be raised in a separate § 1983 proceeding).  However, because the claims all stem from the same factual scenario, and because the pleadings do not appear to raise a cognizable claim under either theory, the Court will screen the Complaint and the Petition together.

## STANDARDS GOVERNING INITIAL REVIEW

The habeas claims are subject to initial review under Habeas Corpus Rule 4, which requires a *sua sponte* review of habeas petitions.  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief ... the judge must dismiss the petition."  Habeas Corpus Rule 4.  "If the petition is not dismissed, the judge must order the respondent to file an answer...."  *Id.*  Habeas Corpus Rule 4 may be applied in the Court's discretion to actions brought under 28 U.S.C. § 2241.  *See* Habeas Corpus Rule 1(b) ("The district court may apply any or all of these rules to habeas corpus petitions.").

As to the civil rights claims, 28 U.S.C. § 1915(e) requires the Court to conduct a *sua sponte* review of all *in forma pauperis* complaints.  The Court must dismiss any such complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e).  The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to

amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id. Pro se* litigants are ordinarily given an opportunity to amend their pleadings, unless such an amendment would be futile. *Id.*

## DISCUSSION

Plaintiff seeks a release from custody under 28 U.S.C. § 2241 and money damages under 42 U.S.C. § 1983. The Court will address each claim below.

### A. Exhaustion of the Habeas Claims

Relief is only available under 28 U.S.C. § 2241 where the petitioner's detention and/or the denial of parole violate federal law. *See* 28 U.S.C. § 2241(c)(3); *See Jones v. Hannigan,* 1 F. App'x 856, 858 (10th Cir. 2001) ("[C]hallenges to parole procedures concern the execution of a petitioner's sentence and therefore must be brought under 28 U.S.C. § 2241.") (citing *United States v. Furman,* 112 F.3d 435, 438-39 (10th Cir. 1997)). "A habeas petitioner is generally required to

exhaust state remedies" before obtaining relief "under § 2241 or [28 U.S.C.] § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement can only be excused in the "absence of available State corrective process or because circumstances exist that render such process ineffective to protect the rights of the applicant." *Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007).

The Petition clearly reflects that Plaintiff did not present his habeas claims to the New Mexico Supreme Court (NMSC). He checked "No" in response to each question in the Petition pertaining to appeals. *See* Doc. 5 at 2-7. The Secured Odyssey Public Access ("SOPA") system, which tracks all New Mexico trial court and appellate filings, confirms the failure to exhaust. *See* https://securecourtcaseaccess.nmcourts.gov/. The SOPA system reflects that Plaintiff did not file a direct appeal following entry of his criminal judgment or an appeal of the orders denying post-conviction habeas relief entered in 2022 and 2023. *See* Docket Sheet in D-1314-CR-2009-230.

For these reasons, it appears that Plaintiff has not satisfied the habeas exhaustion requirement. Within sixty (60) days of entry of this Order, Plaintiff must file a response showing cause why his § 2241 action should not be summarily dismissed for failing to exhaust state remedies. If Plaintiff concedes the point or otherwise fails to timely respond, the Court will dismiss the Petition without prejudice to refiling after he has exhausted his state court remedies.

### B.  Civil Rights Claims Under 42 U.S.C. § 1983

Plaintiff's claims for false arrest and false imprisonment are analyzed under 42 U.S.C. § 1983, the "remedial vehicle for raising ... [a] violation of constitutional rights." *Brown v. Buhman*,

822 F.3d 1151, 1161 n.9 (10th Cir. 2016).  Section 1983 "requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000).  The plaintiff must allege that each government official, through the official's own individual actions, personally violated the Constitution.  *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998).  There must also be a connection between the official conduct and the constitutional violation.  *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

The Complaint (Doc. 3) seeks damages from a single Defendant: the Probation/Parole Department.  "States, state agencies, and state officials acting in their official capacities are not 'persons' acting under color of state law" for purposes of § 1983.  *Buchanan v. Oklahoma*, 398 F. App'x 339, 341 (10th Cir. 2010); *see also Will v. Mich. Dep't of State Police,* 491 U.S. 58, 66, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983.").  Accordingly, the Complaint fails to state a cognizable § 1983 claim against the named Defendant.

Alternatively, even if the Complaint did name a person subject to liability, the facts do not demonstrate a constitutional violation.  A person who "has been imprisoned without legal process ... has a claim under the Fourth Amendment analogous to a tort claim for false arrest or false imprisonment." *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008).  Plaintiff argues that there was no legal process because Probation/Parole Department employees lacked the power to arrest him, detain him, or revoke probation/parole, particularly in light of the state court's decision on pretrial release.  Plaintiff also notes that he was not charged with a second crime prior to the revocation.   These arguments are controverted by the state statutes governing

6

probation/parole violations.   Pursuant to N.M.S.A. § 31-21-15, "[a]t any time during probation, …the director may arrest a probationer without warrant or may deputize any officer with power of arrest to do so by giving the officer a written statement setting forth that the probationer has, in the judgment of the director, violated the conditions of the probationer's release."  The statute further authorizes the Probation/Parole Department to hold a hearing on the violation, revoke probation, and "require the probationer to serve the balance of the sentence imposed or any lesser sentence." N.M.S.A. § 31-21-15.  The fact that Plaintiff was released on his own recognizance in the state proceeding did not preclude the Probation/Parole Department from arresting him without a court order and initiating its own concurrent revocation proceeding.  There is also nothing in the statute requiring the Probation/Parole Department to charge Plaintiff with a separate crime to revoke probation on his original sentence.  If Plaintiff intends to argue that the Probation/Parole Department did not comply with the above statutes in his revocation proceeding, he can clarify that in his amended complaint.

Plaintiff may also intend to argue that the Probation/Parole Department lacked probable cause for his October 29, 2019 arrest.  Any probable cause challenge turns on the results of the revocation proceeding.  If the Probation/Parole Board ultimately issued an order revoking probation, he likely cannot recover damages for false arrest.  Generally, "if the false-arrest plaintiff is convicted … for the acts for which he was arrested, probable cause for his arrest is conclusively established and precludes a subsequent civil action for false arrest."  *Gouskos v. Griffith*, 122 F. App'x 965, 972 (10th Cir. 2005).  As to the claim for false imprisonment, the *Heck* doctrine holds that the Federal Court must dismiss a § 1983 damages claim that, if resolved in the plaintiff's favor, would necessarily imply the invalidity of a conviction that has not been overturned.  *See Heck v.*

*Humphry*, 512 U.S. 477, 487 (1994).  Awarding damages on the basis that Plaintiff has been falsely imprisoned since 2019 would necessarily imply that any revocation order is invalid.  *See McNally v. Colorado State Patrol*, 13 F. App'x 806, 808 (10th Cir. 2001) (*Heck* precludes false imprisonment claims where the prisoner is confined pursuant to a lawful conviction); *Alemar v. Raemisch*, 762 F. App'x 544, 547 (10th Cir. 2019) ("damages claim for [plaintiff's] alleged wrongful incarceration necessarily implies that his conviction and sentence are invalid" for purposes of *Heck*).  The Court assumes that the Probation/Parole Department revoked Plaintiff's probation, as he is still incarcerated, but he can clarify that point in any amended complaint.

For these reasons, the Complaint fails to state a claim upon which relief can be granted.  The Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e).  *Pro se* plaintiffs should normally be given a reasonable opportunity to remedy defects in their pleadings.  *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  Accordingly, Plaintiff may file an amended civil rights complaint within sixty (60) days of entry of this Order.  Any amended complaint should name the individual defendants who committed the alleged wrongdoing.  The complaint must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original).  Plaintiff should also explain why he believes that he was improperly arrested and detained, in light of the above statutory scheme.  If Plaintiff fails to timely comply with this ruling, the Court may dismiss the civil rights claims with prejudice and without further notice.

Plaintiff is finally advised that, notwithstanding any next steps in this case, he should continue to prepare for his probation/parole review hearing on September 27, 2023.  It is unlikely

that he can obtain a release based on any habeas claims before that date, since the claims appear unexhausted.

**IT IS ORDERED** that within sixty (60) days of entry of this ruling, Plaintiff shall file a response showing cause, if any, why his Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (**Doc. 5**) should not be dismissed without prejudice for failure to exhaust state remedies.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Civil Rights Complaint (**Doc. 3**) is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e); and Plaintiff may file an amended complaint seeking money damages, but not a release from prison, within sixty (60) days of entry of this Order.

_____
HONORABLE MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE