IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN RAMOS,

    Plaintiff,

v.                                                    Case No. 21-cv-0754 MV-LF

NEW MEXICO PAROLE AND PROBATION,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court following Plaintiff John Ramos's failure to amend/cure his claims as directed. Plaintiff is incarcerated and *pro se*. He previously filed both an Amended Civil Rights Complaint (Doc. 3) (Complaint) and a 28 U.S.C. § 2241 Habeas Petition (Doc. 5) (Petition). Plaintiff seeks money damages and a release from prison on the ground that the New Mexico Probation and Parole Department (the Probation/Parole Department) improperly revoked probation and/or did not have the power to effectuate his arrest. The details of Plaintiff's state criminal proceeding and revocation are set out in the Memorandum Opinion and Order entered June 26, 2023, which is incorporated herein by reference. *See* Doc. 19 (Screening Ruling). To summarize, the state court released Plaintiff on his own recognizance following an alleged probation violation. Plaintiff was not charged with a second offense. That same day, a security officer with the Probation/Parole Department arrested Plaintiff for the violation. The state court then dismissed the motion to revoke probation, noting that Plaintiff's "violation is being pursued by the parole board and there is no need to also pursue the matter in his probation case." *See* State's Dismissal of Motion to Revoke in D-1314-CR-2009-230. Plaintiff has been incarcerated since then.

    Based on these facts, the original Complaint and Petition raised claims for false arrest and

false imprisonment under 28 U.S.C. § 2241 and 42 U.S.C. § 1983.  The Court screened the claims pursuant to Habeas Corpus Rule 4 and 28 U.S.C. § 1915(e).  As to the habeas claims, the original Petition clearly reflects that Plaintiff did not exhaust state remedies before proceeding to Federal Court.   "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack."  Doc. 5 at 5 (quoting *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994)).  Plaintiff checked "No" in response to each question in the original Petition pertaining to appeals.  *See* Doc. 5 at 2-7.  The Secured Odyssey Public Access (SOPA) system, which tracks all New Mexico trial court and appellate filings, confirms that Plaintiff did not present the habeas claims to the New Mexico Supreme Court (NMSC).  *See* https://securecourtcaseaccess.nmcourts.gov/.  Specifically, Plaintiff did not file a direct appeal following entry of his criminal judgment or an appeal of the orders denying post-conviction habeas relief entered in 2022 and 2023.  *See* Docket Sheet in D-1314-CR-2009-230.

With respect to the § 1983 claims, the Screening Ruling explains that Plaintiff cannot recover money damages from the only named Defendant, the Probation/Parole Department.  State agencies are immune from money damages, and the Court cannot enter an injunction ordering a prisoner's release under § 1983.  *See Buchanan v. Oklahoma*, 398 F. App'x 339, 341 (10th Cir. 2010) ("States, state agencies, and state officials acting in their official capacities are not 'persons' acting under color of state law" for purposes of § 1983."); *Jones v. Hannigan,* 1 F. App'x 856, 858 (10th Cir. 2001) ("[C]hallenges to parole procedures concern the execution of a petitioner's sentence and therefore must be brought under 28 U.S.C. § 2241.").  As an alternative ground for dismissal, the Screening Ruling explains that the original Complaint contains insufficient facts to

demonstrate a constitutional violation. The discernable facts do not appear to meet the relevant pleading standards under the Fourth Amendment. *See* Doc. 19 at 6-8. Additional clarification was also necessary to determine the exact nature of the § 1983 claims. For example, it is unclear whether the original Complaint challenges Plaintiff's arrest because the state court already released him on his own recognizance or because the manner of arrest was defective under the statutes governing probation/parole. The original Complaint also fails to provide certain details of the revocation, which would shed light on the analysis under *Heck v. Humphry*, 512 U.S. 477, 487 (1994).

For these reasons, the Court dismissed the § 1983 claims under 28 U.S.C. § 1915(e) and Rule 12(b)(6). Consistent with *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991), Plaintiff was permitted to amend his § 1983 claims to cure the pleading deficiencies identified in the Screening Ruling. Plaintiff was also permitted to show cause, if any, why the habeas claims should not be dismissed for failure to exhaust state remedies. The Screening Ruling contains instructions on the § 1983 pleading standards and on the futility exception to the habeas exhaustion requirement. Plaintiff was warned that the failure to timely amend and file a show-cause response could result in dismissal of this case without further warning.

The deadline to file an amended complaint and a show-cause response was August 25, 2023. Plaintiff did not comply or otherwise respond to the Screening Ruling. Ordinarily, courts dismiss a civil rights case with prejudice where, as here, the original complaint does not state a federal claim, and the plaintiff fails to cure the pleading deficiency. *See, e.g., Novotny v. OSL Retail Servs. Corp.*, 2023 WL 3914017, at *1 (10th Cir. June 9, 2023) (affirming dismissal with prejudice where the district court rejected a "claim but gave him leave to amend, cautioning that failure to allege a

plausible claim would result in a dismissal"). However, Plaintiff also raises unexhausted § 2241 claims in this case, which are normally dismissed without prejudice. *See, e.g., Gallagher v. Shelton,* 587 F.3d 1063, 1068 (10th Cir. 2009) ("[A] dismissal based on a failure to exhaust administrative remedies should be without prejudice"). To avoid uncertainty about which claims are barred, the Court exercises its discretion to dismiss the entire case without prejudice. The dismissal of the civil claims is based on the failure to timely amend pursuant to Court Order under Fed. R. Civ. P. 41(b). Such dismissal does not count as a "strike" for purposes of the three-strike rule under 28 U.S.C. § 1915(g). *See Carbajal v. McCann*, 808 F. App'x 620, 629 (10th Cir. 2020) (addressing the three-strike rule and distinguishing procedural dismissals under Rule 41(b) from merits dismissals).

**IT IS ORDERED** that Plaintiff's Amended Civil Rights Complaint (**Doc. 3**) and 28 U.S.C. § 2241 Habeas Petition (**Doc. 5**) are **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the civil case.

_____
HONORABLE MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE